# United States Bankruptcy Court
### District of New Jersey
Mitchell H. Cohen U.S. Courthouse
P.O. Box 2067
Camden, New Jersey  08101

**JUDITH H. WIZMUR**  (856) 757-5126
Chief, U.S. Bankruptcy Judge

November 5, 2008

Steven R. Neuner, Esq.
Neuner and Ventura, LLP
Willow Ridge Executive Office Park
750 Route 73 South, Suite 210
Marlton, New Jersey  08053

Mark A. Rinaldi, Esq.
Willow Ridge Executive Office Park
750 Route 73 South, Suite 210
Marlton, New Jersey  08053

Michael A. Katz, Esq.
Dempster & Haddix
Centerpointe at East Gate
161 Gaither Drive, Suite 201
Mt. Laurel, New Jersey  08054-1740

**FILED**
JAMES J. WALDRON, CLERK

November 5, 2008

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY: Theresa O'Brien, Judicial
Assistant to Chief Judge Wizmur

    Re:   Gwen Curriden
           Case No. 05-38352 / Adver. No. 06-1761
           **LETTER OPINION**

Dear Counsel:

      Remaining to be resolved prior to the entry of final judgment herein is the form of judgment submitted by Steven R. Neuner, Esquire, on behalf of the bankruptcy estate. On behalf of Innovative Mortgage Solutions, LLC, Michael A. Katz, Esquire, objects to paragraph 10 of the proposed form of judgment.

Paragraph 10 of the proposed judgment deals with supplemental applications for fees filed by both Mr. Neuner, on behalf of the plaintiff bankruptcy estate, and Mark A. Rinaldi, Esquire, on behalf of plaintiff Gwen Curriden. The parties are correct that I did not rule on these supplemental fee applications when I entered my oral ruling on October 14, 2008, resolving the amount of attorneys fees to be awarded to plaintiffs' counsel in this litigation. As to the supplemental fees requested by Mark Rinaldi, he has consented to an adjustment of his supplemental request to a total of $2,064.01, which will be added to his award of fees against the responsible defendants. As to Mr. Neuner's fee, his supplemental fee application was not docketed until September 25, 2008, after the initial hearing date regarding attorneys' fees. I did not note the docket entry, but will take up the resolution of his supplemental request herein.

Mr. Neuner requests a supplemental fee award for services rendered from July 16, 2008 through September 25, 2008, in the amount of $4,395.50. The majority of time spent was spent in litigating the amount of attorneys' fees to be awarded to Mr. Neuner under the New Jersey Consumer Fraud Act. N.J.S.A. 56:8-19. The question posed by Innovative, one of the responsible defendants in the action, is whether the fact that counsel's initial fee request was adjusted downward, from $73,937 to $65,552.50 should impact on the

prevailing party status of the applicant to reduce the supplemental fee application accordingly.

As I recognized in the Supplemental Opinion issued in this case on June 25, 2008, In re Curriden, Adv. No. 06-1761 (Bankr. D.N.J. June 25, 2008) (unpublished opin.), under the New Jersey Consumer Fraud Act, the prevailing party is awarded not only treble damages, but also reasonable attorneys' fees and costs. N.J.S.A. 56:8-19. "In effect, the Act shifts the financial burden of pursuing the claim to the unsuccessful defendant." Id. at 27-28. Under other fee shifting statutes, New Jersey courts have awarded fees to a prevailing party for time spent preparing fee applications and litigating fee contests. See, e.g., Courier News v. Hunterdon County Prosecutor's Office, 378 N.J. Super. 539, 547, 876 A.2d 806, 811 (App. Div. 2005) ("Plaintiff is also entitled to be compensated for the time spent by counsel in preparing a counsel fee petition."); Council Enterprises, Inc., v. City of Atlantic City, 200 N.J. Super. 431, 443, 491 A.2d 789, 795 (Law Div. 1984) ("Recovery may also be had for time reasonably spent in preparing the attorney's fees motion, memorandum and in litigating the priority and quantum of fees."). However, "along with other factors, courts must look at the level of success achieved in the litigation" to determine the amount of reasonable attorneys fees to be awarded. Branigan v. Level on the Level, Inc., 326 N.J. Super. 24, 31, 740 A.2d 643, 647 (App. Div.

1999).

Innovative correctly cites the Third Circuit decision in <u>Institutionalized Juveniles v. Secretary of Public Welfare</u>, 758 F.2d 897, 924 (3d. Cir. 1985) for the proposition that a fee application devoted to the litigation of a fee petition may be reduced where the plaintiff has not achieved complete success on the fee petition. That case involved the federal Civil Rights Attorneys Fees Award Act of 1976, 42 U.S.C. § 1988.[1] In <u>Institutionalized Juveniles</u>, the Third Circuit, relying in part on the United States Supreme Court decision in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed. 2d 40 (1983), and the First Circuit decision in <u>Grendel's Den, Inc., v. Larkin</u>, 749 F.2d 945 (1st Cir. 1984), disallowed fees for hours spent litigating an unsuccessful portion of a fee petition, reasoning that granting counsel fees for hours spent on unsuccessful claims for fees would "'encourage the filing of non-meritorious claims for fees.'" <u>Id.</u> at 924 (citing to <u>Grendel's Den, Inc.</u>, 749 F.2d at 958). The Third Circuit further discussed that a loadstar reduction for fee litigation may be accomplished by identifying specific hours that should be eliminated,

---

[1] New Jersey Courts have recognized that "N.J.S.A. 56:8-19 has essentially the same purpose as the federal Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988 . . . [T]he cases decided under that statute and other similar federal fee-shifting statutes provide guidance in determining the amount of 'reasonable attorneys fees'." <u>Chattin v. Cape May Greene, Inc.</u>, 243 N.J. Super. 590, 610, 581 A.2d 91, 102 (App. Div. 1990).

or by simply reducing the award to account for the limited success. Id. at 925.

      Here, a minor adjustment will be made to the supplemental fee application of Mr. Neuner to account for the limited success of the fee litigation. The award received by Mr. Neuner on his initial fee application was 88.6% of the fee application sought. Approximately $4,000 of services were rendered by Mr. Neuner in connection with litigation involving attorneys fees. On that basis, I will adjust downward the supplemental fee application of $4,395.50 by 11.4% of $4,000, or $456, for an award on the supplemental fee of $3,939.50 plus expenses of $132.61.

      A final judgment has been entered herewith.

Very truly yours,

JUDITH H. WIZMUR
CHIEF JUDGE
U.S. BANKRUPTCY COURT

JHW:tob